## CARPENTER V. SCHANCHE.

Where plaintiff, the final assignee of certain claims, alleged that the debtor fraudulently destroyed the notice of assignment which had been served on him, and conspired with the assignor, and paid the claims to him, and the debtor produced evidence that an intermediate assignee, before assigning to plaintiff, gave the debtor notice to pay the claims to the assignor, such evidence was a defense, and the error in striking it out on motion, after it had been received without objection, was sufficient grounds for new trial.

(Opinion filed April 3, 1900.)

Appeal from circuit court, Yankton county. Hon. E. G. SMITH, Judge.

Action by Charles R. Carpenter against Herman Schanche. Judgment for plaintiff, and from an order granting a new trial he appeals. Affirmed.

*Holman & McDowell* and *R. B. Tripp*, for appellant.

*S. A. Boyles* and *W. D. Russell*, for respondent.

FULLER, P. J. For the apparent purpose of securing the payment of two promissory notes of $100 each, executed by Fred Buchanan, a printer, to the Racine Hardware Company, a corporation, in settlement for a gasoline engine, the payor gave the agent of the payee an order in writing, directing the

defendant who was at the time county auditor, to deliver to said agent any warrants to be issued on his account for printing to be done for the county during the month of October, 1896, and this action was by an assignee of said order to recover the value of such warrants, which it is alleged were fradulently delivered to Buchanan after the order was duly presented to the defendant and filed in his office. At the close of all the evidence the court directed a verdict in favor of plaintiff for the full amount claimed, and he now appeals from an order granting the defendant a new trial.

The claim against Buchanan which the order for warrants was given to secure was never assigned to appellant, and the two.promissory notes which evidence such indebtedness have never left the hands of the Racine Hardware Company, and are presumptively still its property. Whether all rights appertaining to the order are dependent upon the ownership of the notes, so that the transfer of such an incident, without the debt to secure which it was given, passed no right to the assignee, is a question that need not, at this time, be determined. The tort made the basis of the action, and which respondent expressly denies, is alleged in the complaint as follows: "That, after said order had been so filed, said defendant, conspiring with said Buchanan, wrongfully, unlawfully and fraudulently, and without the knowledge or consent of said hardware company, and with intent to injure said company, and deprive it of the benefit of said order, and prevent it from receiving said warrants so issued for said work done by said Buchanan for said county, and preventing said company from receiving the money called for by said warrants, took said order from the files of his office, and delivered the same to said Buchanan,

who then and there, as plaintiff is informed and believes, destroyed the said order; that thereafter said warrants (issued to said Buchanan for said work) were, without the knowledge or consent of said hardware company, delivered and transferred to said Buchanan or his order, and said warrants were duly paid to said Buchanan, or to other parties to whom the same were delivered; * * * that by reason of said defendant so wrongfully, fraudulently, and unlawfully delivering and turning over said order to said Buchanan said hardware company was prevented from getting said warrants, or receiving the money due on the same, and was thereby damaged in the sum of $187.50." Without objection, respondent's deputy in charge of the office at the time the order was filed testified to the effect that the Racine Hardware Company consented to a surrender of the order to Buchanan before any warrants were issued, and long prior to the assignment to appellant. This evidence not only tended to show an abandonment of the right of the hardware company to the warrants as security, but to establish a defense to the charge of fraud and conspiracy between Buchanan and respondent by which said order was destroyed, or removed from the files; and for the error in striking out such evidence. to which no objection had been interposed, the court was justified in granting a new trial. While a consideration of other points presented in the assignments of error might afford something to which the profession could turn with profit, we deem further discussion not essential to a determination of this appeal from the order granting a new trial, and the same is hereby affirmed.